Case: 4:11-cv-00339-JCH Document #: 1 Filed: 02/28/11 Page: 1 of 15 PageID #: 1

RECEIVED
BY MAIL

FEB 28 2011

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District *EASTERN DISTRICT OF MISSOURI* |
|---|---|
| Name (under which you were convicted):  *REGINALD CLEMONS* | Docket or Case No.: |
| Place of Confinement: *Potosi Correctional Center;*  *11593 state Highway 0; Mineral Point, Mo. 63660* | Prisoner No.:  *990102* |

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

*REGINALD CLEMONS*    v.    *STATE OF MISSOURI*

The Attorney General of the State of
*CHRIS KOSTER, MISSOURI STATE ATTORNEY GENERAL*

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   *24th JUDICIAL CIRCUIT COURT OF STE. GENEVIEVE COUNTY MISSOURI*

   (b) Criminal docket or case number (if you know): *05D9 - CR00366-02*

2. (a) Date of the judgment of conviction (if you know): *April 2, 2007*
   (b) Date of sentencing: *June 19, 2007*

3. Length of sentence: *15-year sentence to run consecutive in the Missouri Department of Corrections*

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☐ No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: *Class B Felony of*
   *Offering Violence To AN Employee of the Department of Corrections in violation of*
   *Section 217.385 (Count I) in Ste. Genevieve case number 05D9-CR003E6-02, as*
   *a prior offender, sentence to 15-years in the Missouri Department Of Corrections, with*
   *said sentence "to run consecutive to any sentence defendant is presently obligated to serve.*

6. (a) What was your plea? (Check one)
   (1) Not guilty ☒          (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐               (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
   charge, what did you plead guilty to and what did you plead not guilty to?_____

   *N/A*

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒         Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒   No ❑

8.  Did you appeal from the judgment of conviction?

Yes ☒   No ❑

9.  If you did appeal, answer the following:

(a) Name of court: ___Missouri Court Of Appeals Eastern District___

(b) Docket or case number (if you know): _ED92959_

(c) Result: _The Eastern District Affirmed The Conviction Pursuant Rule 84.16(b)_

(d) Date of result (if you know): _____February 23, 2010_____

(e) Citation to the case (if you know): _323 S.W.3d 628_

(f) Grounds raised: _U.S. Const. 6th Amendment rights to confront accusers and right to a_

_speedy and timely trial; U.S. Const. 5th Amendment right to due process of self-defense instructi-_

_ion and effective assistance of counsel; 5th, 6th and 14th Amendment right to jury trial_

_determination of sentence. All requiring plain error review and violating_

_Article I, Section 10, 18(a) and 22(a) of the Missouri Constitution. Through the form 40_

_being a part of the record before the court._

(g) Did you seek further review by a higher state court?   Yes ☒   No ❑

If yes, answer the following:

(1) Name of court: _____Missouri Supreme Court_____

(2) Docket or case number (if you know): _SC 89427_

(3) Result: ___The Missouri Supreme Court Affirmed The Conviction___

(4) Date of result (if you know): _Order: June 24, 2008; Reconsideration denied: July 7, 2008_

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____ N/A

(2) Result: _____ _N/A_ _____

(3) Date of result (if you know): _____ _N/A_ _____

(4) Citation to the case (if you know): _____ _N/A_ _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____ _N/A_ _____

(2) Docket or case number (if you know): _____ _N/A_ _____

(3) Date of filing (if you know): _____ _N/A_ _____

(4) Nature of the proceeding: _____ _N/A_ _____

(5) Grounds raised: _____ _N/A_ _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐  No ☒

(7) Result: _____ _N/A_ _____

(8) Date of result (if you know): _____ _N/A_ _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____ _N/A_ _____

(2) Docket or case number (if you know): _____ _N/A_ _____

(3) Date of filing (if you know): _____ _N/A_ _____

(4) Nature of the proceeding: _____ _N/A_ _____

(5) Grounds raised: _____ _N/A_ _____

_____ _N/A_ _____

_____ _N/A_ _____

_____

_____

_____ _____ N/A _____

_____ _____ — _____

_____ _____ — _____

_____ _____ — _____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?     Yes ☐  No ☒

(7) Result: _____     N/A _____

(8) Date of result (if you know): __ _____ N/A _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____     N/A _____

(2) Docket or case number (if you know): ___ N/A _____

(3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: __ _____ _____ N/A _____

_____ _____ — _____

_____ _____ — _____

_____ _____ — _____

_____ _____ — _____

_____ _____ — _____

_____ _____ — _____

_____ _____ — _____

_____ _____ — _____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?     Yes ☐ No ☒

(7) Result: _____     N/A _____

(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your

petition, application, or motion?

(1) First petition:     Yes ☑  No ☐

(2) Second petition:   Yes ☑  No ☐

(3) Third petition:    Yes ☑  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _The Trial Court Failed To Provide A Self-Defense Instruction To The Jury Wher Self-Defense Was Plain From The Record, Violated Due Process Right_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _The officers sought to restrain petitioner of his liberties outside the policies of the Missouri Department Of Corrections rules, losing the badge of authority by acting outside their duties. Petitioner disengaged from the initial conflict with officer Timmothy Hahn which lawfully placed petitioner in a defeasive posture against unlawful restraint. Petitioner used minimal resistance to being handcuff and taking to strip cell confinement for asking questions about wheather or not officer Hahn conduct toward petitioner was within the rules. Trial court defense counsel and judge refused to petitione due process right to instruction._

(b) If you did not exhaust your state remedies on Ground One, explain why: _My appeal attorneys said the claim could only be raised as an ineffective assistance of trial counsel claim under Missousi State Post Conviction Procedure, leaving no state remedy available to challenge trial courts abuse of discretion in Violation of United States Constitutional 5th, 6th and 14th Amendment jury trial._

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _In a Pro se Form 40 Rule 29.15 Post Conviction Relief Motion_

Name and location of the court where the motion or petition was filed: _24th Judicial Circuit Court Of Ste. Genevieve County Missouri: Located at: 5 South 3rd Street, Ste Gen. Mo. 63670_

Docket or case number (if you know): *Don't have access to legal property in storage to answer*

Date of the court's decision: *Don't have access to legal property in prison storage*

Result (attach a copy of the court's opinion or order, if available): *Denied an evidentiary hearing for witnesses to testify and denied any relief. Trial Court ruled in its conclusion of law that a prisoner can not claim self-defense against correctional staff when staff is on duty*

(3) Did you receive a hearing on your motion or petition?

    Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

    Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Missouri Court Of Appeals Eastern District: located at: One Post Office Square, 815 Olive Street, St. Louis, Missouri 63101*

Docket or case number (if you know): *ED 92959*

Date of the court's decision: *February 23, 2010*

Result (attach a copy of the court's opinion or order, if available): *The judgment was affirmed pursuant to Rule 84.16(b)*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *My appeal attorneys Malinda Pendergraph and Jo Ann Rotermund did not raise or preserve the right to cross examine the use of force officer Gregory Dunn Plain error claim because they strategically believed it was not as valid for state appeals as a federal constitutional claim. I thought it should be preserved for federal review with the other claims.*

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *The only opertunity I had to raise this issue pro se was in the form 40; 29.15 form motion; appeal counsel said the only way I could raise this plain error claim was under ineffective assistance of trial counsel.*

GROUND TWO: *Trial Counsel Was Ineffective For Failing To Object To Improper Closing Argument And Motion Court Erred When Denying Post Conviction Hearing To Present Evidence*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Trial counsel was ineffective and willing to testify at hearing that he failed to object, in the presence of the jury, to the prosecutor's closing argument encouraging the jury to convict petitioner to keep him from committing another such crime. The jury prejudicially considered this improper argument without objection from defense counsel unreasonable trial strategy.*

_Petitioner was prejudicially convicted on speculation about future crimes. Had trial counsel objected, the outcome of the trial would have been acquitted, at the very least preserved. Violating his right to be tried solely for the offense on trial under the 5th, 6th, 14th Amendments U.S. Const._

(b) If you did not exhaust your state remedies on Ground Two, explain why: _This was raised as an ineffective assistance of counsel claim as an issue._

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did __not__ raise this issue in your direct appeal, explain why: _This was raised in state court as an issue._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _In a Pro se Form 40 Rule 29:15 Post Conviction Relief Motion_

Name and location of the court where the motion or petition was filed: _24th Judicial Circuit Court OF STE GENEVIEVE COUNTY MISSOURI: Located at: 5 South 3rd Str.; Ste. Genevieve, Mo. 63670_

Docket or case number (if you know): _Cause No. 0856-CC00182_

Date of the court's decision: _April 1, 2009 ; Cause No. 0856-CC00182_

Result (attach a copy of the court's opinion or order, if available): _The Trial Court denied all claims for relief; In the findings of fact and conclusions of law; that petitioner had no right to self-defense; Counsel was not ineffective nor allowed to testify at a PCR hearing and denied a hearing_

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Missouri Court Of Appeals Eastern District: located at One Post Office Square, 815 Olive Street, St. Louis, Mo. 63101_

Docket or case number (if you know): _ED 92959_

Date of the court's decision: _February 23, 2009_

Result (attach a copy of the court's opinion or order, if available): _The judgment was affirmed pursuant to Rule 84.16 (b)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _I was told by appeal counsel that I could only raise these constitutional plain error claims as ineffective assistance of counsel on the form 40 Rule 29.15 and that my confrontation clause and denial of jury determination for sentencing could not be raised as ineffect counsel claims. This denied me opertunity to have all my plain error U.S Constitutional claims to be appeal in state court_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _There are no other procedures made available to me once appeal counsel refused to raise those two claims as procedually not cognizeable._

GROUND THREE: _Petitioner was denied the right to confront his accuser guaranteed by the 6th Amendment of the United States Constitution requiring plain error review_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _During trial a use of force report was prejudicially put before the jury to justify officer Hahns actions. Without offering the use of force evaluation officer, Gregory Dunn, who made the report, for cross examination to establish self-defense or allow defendant fair opertunety to challenge report. Had petitioner been able to cross examine Gregory Dunn, he would have been able to establish self-defense by proving the use of box force was excessive and unwarranted violating due process and 6th Amendment rights._

(b) If you did not exhaust your state remedies on Ground Three, explain why: _I was told by appeal counsel that this claim would not be included in my amended complaint after it was raised by me pro se in my form 40. As it was not cognizeable as an ineffective assistance of counsel claim, in 29.15 post conviction proceedings, barring confrontation clause claims._

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _I was told that my confrontation clause claim where I was not provided an opertunity to cross examine the use of force officer, after the report was prejudicially put before jury, violating 6th Amendment right, was not cognizeable in these proceedings._

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _On a pro se form 40 29.15, but appeal counsel refused to amend this claim._

Name and location of the court where the motion or petition was filed: _24th Judicial Circuit of_

_STE. Genevieve Missouri; 5 South 3rd Street, Ste Genevieve, Missouri 63670 (573) 883-2705_

Docket or case number (if you know): _Cause No. 08SG - CC0182_

Date of the court's decision: _April 1st, 2009_

Result (attach a copy of the court's opinion or order, if available): _The confrontation clause_

_claim was not addressed because it was not raised in the amended motion filed_

_by appeal counsel Jo Ann Ratermund, after submission on the form 40._

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

_____ N/A

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _N/A_

_____ N/A

_____ N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _I wanted to raise this plain error claim, but appeal counsel refused to_

_include the confrontation clause claim in the amended motion from the form 40._

_____

_____

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____ N/A

_____

**GROUND FOUR:** *Petitioner Has Unconstitutionally Been Denied The Fundamental Right To A Jury Trial Determination Of Sentence Recommendation And Findings On Self-Defense Violating 5th and 6th Amendment.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Petitioner seeks U.S. Constitutional review of fundamental due process right to have a jury determine whether or not his claim of self-defense are valid and have the jury determine a sentence recommendation. Under the 14th Amendment to the U.S. Constitution, petitioner has an right to equal protection under the law. Had petitioner enjoyed this constitutional protection the outcome of the trial proceedings would have been different due to a sentence recommendation of less than 15 years or full acquittal had the jury found petitioner acted in self-defense. This fundamental constitutional claim requires plain error review giving this federal court jurisdiction.*

(b) If you did not exhaust your state remedies on Ground Four, explain why: *This issues in ground four were raised in part as it relates to self-defense, but not according to the issue as it relates to jury sentence recommendation due process rights.*

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *The right to a jury instruction was raised, but the right to jury sentence recommendation was drop by counsel.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Both were raise in pro se form 40 and 29:15 pleading.*

Name and location of the court where the motion or petition was filed: *Ste. Genevieve 24th Judicial Circuit Court: located at 5 South 3rd Street, Ste. Genevieve, Missouri 63670*

Docket or case number (if you know): *Cause No. 0856-cc00182*

Date of the court's decision: *April 1st, 2009*

Result (attach a copy of the court's opinion or order, if available): *The sentence's issue was not amended nor addressed and the court denied petitioner's right to self-defense instruction.*

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Missouri Court Of Appeals Eastern District; located at: One Post Office Square, 815 Olive Street, St. Louis, Mo. 63101*

Docket or case number (if you know): *ED92959*

Date of the court's decision: *February 23, 2009*

Result (attach a copy of the court's opinion or order, if available): *The judgment was affirmed pursuant to Rule 84.16(b)*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *I attempted to raise the due process right to a jury sentencing recommendation, but appeal counsel refused to include it in the amended Post Conviction Motion drafted from my form40. I did what I could in my limited control of proceeding to appeal appeal issue of right to jury recommendation.*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *There was are no other procedures made available to me once appeal counsel refused to include the due process right to jury sentencing recommendation, in the amended motion. Leaving me to re-raise it pro se as a plain error claim as my only procedural vehicle in the federal court. Where it violates my U.S. Constitutional 5th, 6th, 14th Amendment rights.*

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *My appeal counsel limited me to ineffective assistance of trial counsel claims. The two claims that were not raised, were said not to be cognizable in the Missouri Post Conviction 29.15 appeal procedure even though they are plain error manifest injustice U.S. Constitutional claims.*

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: *These Two claims of right to confront witnesses on cross and right to jury determination were presented in my pro se form 40 rule 29.15 pleading, before the trial court.*

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

*N/A*

_____
_____
_____
_____
_____
_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ❑     No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

*N/A*

_____
_____
_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: _____

(c) At trial: *Talmage Newton, IV ; 515 Olive Street, Suite 1100, St. Louis, Missouri 63101-1836*
*Office Phone (314) 621-7755; Fax No. (314) 621-3136; Cell Phone (314) 265-8198*

(d) At sentencing: *Talmage Newton, IV*

(e) On appeal: *Malinda Pendergraph; Woodrail Center; 1000 W. Nifong, Building 7, Suite 1000;*
*Columbia, Missouri 65203   (573) 882-9855*

(f) In any post-conviction proceeding: *Jo Ann Ratermund; Missouri Public Defender System*

(g) On appeal from any ruling against you in a post-conviction proceeding: *Jo Ann Ratermund;*
*Missouri State Public Defender System; Appellate/PCR Division; 415 S. 18th Street -- Suite 300;*
*St. Louis, Missouri 63103-2237; Office Phone (314) 340-7662; Fax No. (314) 340-7685*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ❑  No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ _____ N/A _____ _____

(b) Give the date the other sentence was imposed: _____ N/A

(c) Give the length of the other sentence: _____ N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐ N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* The last state court ruling in the appeals was February 23, 2010 in the Missouri Court Of Appeals Eastern District Case No. ED92959, which places this petition just under or right at the 1 year statute of limitations. The claims raised in petitioner form 40 Rule 29.15 Mo. state court pleading are all plain error claims of rights fundamentally protected by the United States Constitution 14th and 5th Amendment Right to due process and 6th Amendment Right to a jury trial determination and right to confront accusers. Any claim that is a federally protected U.S. constitutional Amendment claim that falls under plain error review does not suffer procedural bars.

Petitioner is challenging the Unconstitutional application of a state statute which does violate his right to self-defense when being unlawfully attacked. As applied by the trial court pursuant statute 217.385. Petitioners ineffective assistance of trial counsel claims where preserved by appeal counsel and raised at every available state procedure.

According to appeal counsel there is no remedy available for him to perserve his remaining confrontation clause claim nor right to jury trial sentencing recommendation, where these claims where introduced into the record, but not amended by counsel, these claims were presented as part of the pro se record before the state court as part of the record. So the unnamed claim unamended claims were presented as plain error claims to state court but they opted not to rule upon these state court claims.

As these claims are in need of constitutional review, the federal district court for the eastern district has jurisdiction to order appointment of counsel to amend this petition, and hold hearing for trial counsel to testify.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _Order a new trial after holding an evidentiary hearing for Gregory Dunn and Talmage Newton to testify and consideration of the record before the court or alternatively acquit Petitioner as being in self-defense Posture,_ or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _February 20, 2011_ (month, date, year).

Executed (signed) on _February 20, 2011_ (date).

_Reginald Clemons_

Signature of Petitioner

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 16

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is
not signing this petition. _____ N/A _____

_____

_____

IN FORMA PAUPERIS DECLARATION

U.S. District Court Eastern District Of Missouri

[Insert appropriate court]

* * * * *