UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD CLEMONS,  )<br>  )<br>    Petitioner,  )<br>  )<br>vs.  )<br>  )<br>TROY STEELE,  )<br>  )<br>    Respondent.  ) | Case No. 4:11CV379 JCH |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Reginald Clemons' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On April 2, 2007, a jury in the Circuit Court of St. Genevieve County, Missouri, found Petitioner guilty of Committing Violence to a Department of Corrections Employee. (Resp. Ex. B, P. 251). On June 19, 2007, Petitioner was sentenced to fifteen years imprisonment, with said sentence to run consecutive to the sentence he was serving at the time. (Id.) Petitioner thereafter appealed to the Missouri Court of Appeals, Eastern District. (Id., P. 253). The Missouri appellate court affirmed the trial court's judgment on May 13, 2008. (Resp. Ex. E).

On October 15, 2008, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence of the Circuit Court of St. Genevieve County. (Resp. Ex. F, PP. 5-14). Counsel was appointed to represent Petitioner that same day (Id., P. 16), and on January 14, 2009, an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing was filed. (Id., PP. 18-46). The trial court denied the motion without an

evidentiary hearing.  (Id., PP. 48-56).  The Missouri Court of Appeals affirmed the denial of Petitioner's motion.  (Resp. Ex. J).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri.  As the Court construes the instant petition for writ of habeas corpus, Petitioner raises the following five claims for relief:

(1) That the trial court erred in failing to provide a self-defense instruction to the jury;

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to request that a self-defense instruction be given to the jury;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to improper argument made during the prosecutor's closing statement;

(4) That Petitioner was denied the right to confront his accuser; and

(5) That Petitioner was denied his sixth amendment right to have the jury provide a sentence recommendation.

(Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), PP. 6-12).

## DISCUSSION

**A.**   **Procedural Default**

**1.**   **Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in failing to provide a self-defense instruction to the jury.  (§ 2254 Petition, PP. 6-7).  The Court's review of the record reveals that Petitioner failed to pursue this claim on direct appeal from his conviction and sentence.

A claim must be presented at each step of the judicial process in state court to avoid procedural default.  Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d

538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner failed to raise this claim on direct appeal, the claim is defaulted and Petitioner is procedurally barred from pursuing it in this federal habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). Therefore, this Court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Forest, 52 F.3d at 719; Keithley, 43 F.3d at 1217.

In his § 2254 petition, Petitioner apparently attempts to demonstrate cause for his failure to raise the claim in state court, by claiming his appellate attorneys refused to raise the claim on direct appeal. (§ 2254 Petition, P. 6). This Court need not decide whether Petitioner's allegation is sufficient to establish cause for the procedural default, however, because Petitioner fails to establish he suffered the requisite prejudice as a result of the alleged error. See infra, section B(1). In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Therefore, the claim raised in Ground 1 of the instant petition is procedurally barred and must be denied.

   2.   **Grounds 4, 5**

As stated above, in Ground 4 of his § 2254 petition Petitioner asserts he was denied the right to confront his accuser. (§ 2254 Petition, PP. 9-10). In Ground 5, Petitioner asserts he was denied his sixth amendment right to have the jury provide a sentence recommendation. (Id., PP. 11-12). A review of the record reveals that Petitioner failed to pursue his fourth and fifth grounds for relief on

direct appeal from his conviction and sentence, in his amended 29.15 motion, or on appeal from the denial of that motion.

As noted above, a claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly, 28 F.3d at 53. Because Petitioner failed to raise these claims on either direct appeal or through the post-conviction motion process, the claims are defaulted and Petitioner is procedurally barred from pursuing them in this federal habeas proceeding. Coleman, 501 U.S. at 731-32; Forest, 52 F.3d at 719; Keithley, 43 F.3d at 1217. See also Jolly, 28 F.3d at 53 (citation omitted) ("Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review."). Therefore, this Court cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Forest, 52 F.3d at 719; Keithley, 43 F.3d at 1217. Petitioner has not shown cause for his failure to raise the claims in state court.[1] In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup, 513 U.S. 298; Washington, 51 F.3d at 760-761. Therefore, the claims raised in Grounds 4 and 5 of the instant petition are procedurally barred and must be denied.

**B.      Claims Addressed on the Merits**

---

[1] Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction appellate counsel refused to pursue the issues in his Rule 29.15 motion. (See § 2254 Petition, pp. 9, 12). The Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly, 28 F.3d at 54, citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Further, under Eighth Circuit law, "it is well-established that any alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default." Battle v. Dormire, 2007 WL 803624 at *4 (E.D. Mo. Mar. 13, 2007), citing Clay v. Bowersox, 367 F.3d 993, 1005-1006 (8th Cir. 2004). Thus, to the extent Petitioner asserts the error of his post-conviction attorney constitutes cause to excuse his procedural default, his argument fails. Battle v. Dormire, 2007 WL 803624 at *4.

1. **<u>Ground 2</u>**

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to request that a self-defense instruction be given to the jury. (§ 2254 Petition, PP. 6-7). Petitioner raised this claim in his 29.15 motion for post-conviction relief, and the court denied the claim as follows:

> 5. a. To prevail on a motion for post-conviction relief on a claim of ineffective assistance of counsel, movant[2] must prove his allegation by a preponderance of the evidence, and must show 1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and 2) that he was thereby prejudiced. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-689 (1984), <u>Sanders v. State</u>, 738 S.W.2d 856, 857 (Mo. banc 1987). Counsel's performance will not be deemed ineffective unless a Movant satisfies both elements of the *Strickland* test. <u>Helmig v. State</u>, 42 S.W.3d 658, 667 (Mo. App. 2001) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)). On a claim of ineffective assistance of counsel, there is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment. <u>Kluck v. State</u>, 30 S.W.3d 872 (Mo. App. 2000)....
>
> 6. Secondly, Movant claims that trial counsel provided ineffective assistance of counsel when he failed to submit a self-defense instruction for consideration by the jury. Movant claims that had trial counsel submitted a self-defense instruction, the trial court would have given it and there is a reasonable probability that the outcome of the trial would have been different.
>
>    a. This is a claim of instructional error disguised as a claim of ineffective assistance of counsel. "Claims of instructional error are matters for direct appeal and are not cognizable on motion for post conviction relief." <u>Morrow v. State</u>, 21 S.W.3d 819 (Mo banc 2000). This argument is not proper in a post conviction motion.
>
>    b. Movant also cites MAI 306.06, the definition of self-defense, stating that "a person can lawfully use force to protect himself against an **unlawful** attack." MAI 306.06. Mr. Clemons was an inmate who was charged with violence to an employee of the Department of

---

[2] Petitioner is referred to as "Movant" by the 29.15 motion and appellate courts.

        Corrections in violation of Missouri Revised Statutes Section 217.385. Section 217.405 describes defender abuse and states "no employee of the department [of corrections] shall use any physical force on an offender except that the employee shall have the right to use such physical force as is necessary to...suppress an individual or group revolt or insurrection, enforce discipline or to secure the offender." Mo.Rev.Stat. § 217.405.3. In this case, the officer attempted to use force to transfer the Movant to another location and to secure the offender. At no point in time did the officer's actions elevate to the level of an unlawful attack or was evidence presented justifying the use of a self-defense instruction.

c.    In <u>Wilson v. State</u>, 177 S.W.3d 852, 854-855 (Mo. App. E.D. 2005) the Eastern District explained the test for using self-defense as follows:

d.    The use of force in self-defense is justified if a defendant can show (1) an absence of aggression on his part; (2) reasonable grounds for him to believe he was faced with immediate danger of serious bodily injury; (3) he used only the force reasonably necessary; and (4) he did everything in his power to avoid the danger and retreated if possible. <u>State v. Habermann</u>, 93 S.W.3d 835, 837 (Mo. App. E.D. 2002).

e.    In his Amended Motion Movant claims he believed he was in immediate danger of serious physical injury or death and he was outnumbered four-to-one and because he did not want to go to the hole and he didn't want to be restrained (Tr. 149). Movant did not want to be restrained by the correctional officers and **he** was the initial aggressor and failed to avoid the danger. The Movant could have complied with the lawful request of the corrections officers and avoided the situation, but he failed to do so and is not entitled to a claim of self-defense. It is not ineffective assistance of counsel to fail to request an instruction that is not warranted by the evidence. <u>Williams v. State</u>, 92 S.W.3d 348 (Mo. App. S.D. 2003).

f.    Movant also claims twice in his amended motion that he did not "intentionally" hit any of the officers. He stated that he didn't want to go to the hole, and that he struggled with the officers, but that he did not intentionally hit Officer Hahn or any of the officers (Tr. 149-151). Movant's argument that he was entitled to a self-defense instruction is without merit, because Movant stated that his actions were unintentional thus not self-defense. "As a general rule a defendant is not entitled to an instruction on self-defense if defendant claims accident. This is because self-defense constitutes an intentional but justified [act], whereas accident connotes an unintentional [act]. Self defense and accident are therefore inconsistent." <u>State v. Avery</u>, 120

- 6 -

> S.W.3d 196, 201 (Mo banc 2003). Thus, if the Movant took the position at trial that the assault was unintentional or accidental, as did Movant here, he may not also submit self-defense. Id.
>
> g. Since Movant was not entitled to a self-defense instruction based on the evidence, his claim of ineffective assistance of counsel for failing to request an instruction on self-defense is without merit. Point denied.

(Resp. Ex. F, PP. 49, 52-55). Petitioner advanced the claim on appeal from the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> [O]n appeal, Movant claims that trial counsel was ineffective for failing to submit a self-defense instruction to the jury We disagree.
>
> The motion court dismissed this point as "a claim of instructional error disguised as a claim of ineffective assistance of counsel." It cited Morrow v. State, 21 S.W.3d 819, 829 (Mo. banc 2000) for the proposition that claims of instructional error are matters for direct appeal only, and therefore not cognizable in a post-conviction relief proceeding. We agree with the motion court's finding. See id.; State v. Brooks, 960 S.W.2d 479, 500 (Mo. banc 1997); Manwarren v. State, 223 S.W.3d 899, 903 (Mo. App. S.D. 2007) (stating that "instructional errors are not cognizable in a proceeding for post-conviction relief unless such errors rise to the level of a constitutional error substantially depriving a defendant of the right to a fair trial"); Purvis v. State, 215 S.W.3d 745, 748 (Mo. App. S.D. 2007) (stating that instructional error generally is not cognizable in a Rule 29.15 proceeding, and that Rule 29.15 is not a substitute for a direct appeal).
>
> Certain post-conviction cases, while recognizing the foregoing principle, have nonetheless proceeded to evaluate claims of instructional error. E.g. Morrow, 21 S.W.3d at 829; Manwarren, 223 S.W.3d at 903. We therefore note that the facts of Movant's case did not merit a self-defense instruction. A self-defense instruction requires evidence, among other things, that the defendant: (1) did not provoke the attack, nor was he the aggressor; and (2) reasonably believed that he was faced with the necessity of defending himself from bodily harm. State v. Hiltibidal, 292 S.W.3d 488, 493 (Mo. App. W.D. 2009).
>
> The motion court found that Movant was the initial aggressor and that the officers' actions did not elevate to the level of an unlawful attack. Movant's own testimony supports the motion court's findings. According to Movant, the "guards started grabbing on [him]" when Captain Mayberry ordered them to cuff Movant for creating a disturbance. Such testimony does not support a claim that Movant reasonably believed he was faced with the

> necessity of defending himself from bodily harm. Furthermore, existing case law suggests that "self-help or forcible resistance" does not constitute a defense to the charge of felony violence against a corrections office. State v. Jackson, 500 S.W.2d 306, 309 (Mo. App. W.D. 1973).
>
> "Just as counsel cannot be faulted for making a non-meritorious objection, (citation omitted), Movant's trial attorneys cannot be faulted for failing to request an instruction that had no evidentiary support." Salazar v. State, 66 S.W.3d 755, 761 (Mo. App. S.D. 2001) (holding that movant's attorneys were not ineffective for failing to request a self-defense instruction when the record contained no evidentiary support). Movant's point of error is refuted by the record, and therefore the motion court did not clearly err in denying Movant's point without an evidentiary hearing.

(Resp. Ex. J, pp. 5-7).

With regard to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The governing federal law for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, an attorney's performance is ineffective only if the performance was "deficient," and the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Further, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. This presumption is overcome only if Petitioner proves that "in light of all

- 8 -

the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner is able to show that counsel's representation was "deficient," he is not entitled to relief unless he can show that counsel's deficiency resulted in sufficient prejudice. Id. at 694. To do so, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, this Court finds the Missouri court's ruling is entitled to deference. Specifically, the Court notes Petitioner testified at trial that at no time did he intend to hit any correctional officer. (Resp. Ex. A, PP. 149-151). Under these circumstances, the Missouri court's finding that Petitioner was not entitled to a self-defense instruction for his unintentional actions did not represent an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Furthermore, the Missouri court's holding that counsel was not ineffective for failing to request a self-defense instruction when the record contained no evidentiary support for such an instruction did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. See Jackson v. Steele, 2009 WL 350633 at *18 (E.D. Mo. Feb. 10, 2009), citing Fields v. United States, 201 F.3d 1025, 1028 (8th Cir. 2000). Ground 2 is denied.

    **2.**    **Ground 3**

Petitioner's third ground for relief is also an ineffective assistance of counsel claim. Petitioner asserts that trial counsel failed to object to improper argument made by the prosecution during closing statements. (§ 2254 Petition, PP. 7-9). Petitioner raised this claim in his Amended 29.15 motion, and the court denied the claim as follows:

 5. First, Movant claims ineffective assistance of counsel in that his attorney failed to object to prosecutor's closing argument based on future dangerousness. Movant claims that but for trial counsel's failure to object, there is a reasonable probability that the outcome of the trial would have been different....

  b. Objections during closing argument are considered a function of trial strategy. Counsel will be deemed ineffective for failing to object to closing argument only if the argument prejudiced defendant and resulted in substantial deprivation of the defendant's right to a fair trial. The allegedly improper argument must be considered in the context of the trial as a whole. Aaron v. State, 81 S.W.3d 682 (Mo. App. 2002). The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient to satisfy the prejudice prong test applied to claims of ineffective assistance of counsel. Rather, movant seeking postconviction relief must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. Vogel v. State, 31 S.W.3d 130 (Mo. App. 2000). Objections to isolated statements in argument may highlight comment to jury and not every failure to object constitutes ineffectiveness. Reynolds v. State, 87 S.W.3d 381 (Mo. App. 2002).

  c. Movant claims that trial counsel failed to object when the prosecutor argued to the jury:

  d. I am going to ask you to follow your oath today and that you follow the letter of the law and keep the corrections officers safe when they go to work, and let the prisoners know that there is consequences for their actions. (Tr. 165).

  e. Movant claims that the prosecutor's closing argument suggested to the jury that they should convict Mr. Clemons to keep him, as a prisoner, from committing another such crime and thus is an argument based on the Movant's future dangerousness. The prosecutor never specifically referred to the Movant and instead made a general appeal to the jury to keep "corrections officers" safe and to let "prisoners" know that there are consequences to their actions. Movant has failed to cite argument by the prosecutor suggesting that they should convict Mr. Clemons to keep "him", as a prisoner, from committing another crime.

  f. Arguments on deterrence are permissible so long as they concentrate on general deterrence of crime and not deterrence of the defendant. State v. Sandles, 740 S.W.2d 169 (Mo banc 1987). Here, the prosecutor concentrated on the safety of corrections officers in

- 10 -

        general and deterring prisoners from committing future crime. The prosecutor never specifically argued for the deterrence of Mr. Clemons. The prosecuting attorney may argue for strict law enforcement. State v. Kennedy, 107 S.W.3d 306 (Mo. App. 2003).

g.    Movant cites State v. Baller, 949 S.W.2d 269, 272 (Mo. App. 1997), stating that even if assumed that the prosecutor's comment was improper, no plain error exists. In Baller, given the other evidence against defendant that was presented at trial, it cannot be established that the alleged improper comment had a decisive effect on the jury's determination. Id. In this case, the Movant has failed to establish facts that the prosecutor's alleged improper argument had a decisive effect on the jury's determination, and given the weight of the evidence against the Movant it cannot be established that an objection, even if sustained, would have changed the verdict.

h.    Movant's amended motion repeatedly states that it was for the jury to decide whether Mr. Clemons was guilty of this crime and not some past or future crime. Mr. Clemons was convicted of this crime and Movant has failed to cite any specific statements made by the prosecutor arguing for conviction based on the Movant's past or future crimes. Movant cites State v. Joles, 755 S.W.2d 622, 624 (Mo. App. E.D. 1988), where the prosecutor argued that the **defendant** was "going to do the same thing again, unless he was convicted and incarcerated." This statement was different because the prosecutor referred specifically to the defendant and future crimes he might commit. In the case at bar, the prosecutor never specifically mentioned the defendant but only prisoners in general which is allowed and supported by case law cited above. Also, even with the improper future dangerousness statement the court in Joles held that the error did not have a decisive effect on the jury and affirmed the conviction. Id. at 624.

i.    Assuming the evidence in a light most favorable to the Movant, he has failed to cite prosecutorial misconduct that would warrant an objection. Even if there was prosecutorial misconduct during closing argument, the decision of whether or not to object is trial strategy and not grounds for granting a new trial.

j.    As such, Movant has failed to show that he was prejudiced by the Prosecutor's statement during closing argument. Point denied.

(Resp. Exh. F, PP. 49-52). Petitioner advanced the claim on appeal from the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

Movant argues that trial counsel was ineffective for failing to object to a portion of the prosecutor's closing argument. We disagree.

The prosecutor made the following remarks to the jury during the State's closing argument:

> I am going to ask you to follow your oath today and that you follow the letter of the law and keep the corrections officers safe when they go to work, and let the prisoners know that there [are] consequences for their actions.

Movant claims that, with this comment, the prosecutor improperly argued his future dangerousness, and that trial counsel was ineffective for failing to object. He states that, but for counsel's failure to object, he would not have been found guilty.

"It is not proper for a prosecutor to speculate as to future possible acts or conduct of the defendant." State v. Reynolds, 997 S.W.2d 528, 532 (Mo. App. S.D. 1999) (stating that a prosecutor may not speculate about a defendant's propensity to commit future *criminal* acts) (emphasis in original). A prosecutor may not "personalize his argument to the jury by attempting to engender fear of personal safety in the juror's minds if the defendant was acquitted." State v. Burton, 219 S.W.3d 778, 781 (Mo. App. E.D. 2007). Similarly, a prosecutor cannot argue "the necessity of deterring [the defendant], not as an example to others, but to prevent the defendant on trial from committing further crimes." State v. Raspberry, 452 S.W.2d 169, 172 (Mo. 1970).

While it remains impermissible to comment on a defendant's future dangerousness, "a prosecutor may comment on the prevalence of crime in the community, the necessity of law enforcement to deter crime, and the evils that may befall society if a jury fails its duty." Burton, 219 S.W.3d at 781 (quoting State v. Beal, 840 S.W.2d 881, 882 (Mo. App. S.D. 1992)). See also Forrest v. State, 290 S.W.3d 704, 717 (Mo. banc 2009). "The law in Missouri has long permitted the State to argue to the jury that the protection of the public rests with them." State v. Kee, 956 S.W.2d 298, 304 (Mo. App. W.D. 1997).

We agree with the motion court that the prosecutor's argument was proper. The argument did not reference Movant's future dangerousness, nor did it implant in the jurors' minds "the fear that the [movant's] acquittal [would] endanger their own personal safety or that of one of their family members." See State v. Plummer, 860 S.W.2d 340, 350 (Mo. App. E.D. 1993). The prosecutor never even referenced Movant; he merely asked the jury to follow their oath, to keep correctional officers safe, and to let prisoners know there are repercussions for their actions. As explained, such exhortations are within the realm of permissible argument. We will not deem

>   trial counsel ineffective for failing to make an unmeritorious objection. Forrest, 290 S.W.3d at 717. Because Movant's claim was refuted by the record, the motion court did not clearly err in denying his motion for post-conviction relief without an evidentiary hearing. Id.

(Resp. Ex. J, pp. 4-5).

As stated above, federal courts review state court conclusions under 28 U.S.C. § 2254. That section states in pertinent part:

>   (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Upon consideration, this Court finds the ruling of the Missouri courts did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. See, e.g., Cole v. Roper, 579 F.Supp.2d 1246, 1255 (E.D. Mo. 2008) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)) (habeas relief only appropriate "if a prosecutor's improper closing argument 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"). In this case, the prosecutor did not even refer to Petitioner in the challenged section of his argument; rather, it seems clear that he merely exhorted the jury to do their sworn duty. Thus, because the portion of the prosecutor's closing argument challenged by Petitioner was not improper, the failure of Petitioner's counsel to object thereto did not constitute ineffective assistance of counsel. See Kerns v. Bowersox, 2010 WL 1049841 at *13 (E.D. Mo. Mar. 18, 2010), citing Grubbs v. Delo,

948 F.2d 1459, 1466-56 (8th Cir. 1991); Thompson v. Jones, 870 F.2d 432, 435 (8th Cir. 1988). Ground 3 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this   28th   day of November, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE